IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROY JON**, | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. **3:10-CV-1749-L** |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Roy Jon, a Texas prisoner, has filed an application for writ of habeas corpus challenging the results of three prison disciplinary proceedings that were conducted at the Ellis Unit of the TDCJ-CID in Huntsville, Texas. Petitioner originally filed this action in the Houston Division of the Southern District of Texas, but the case was transferred to the Dallas Division of the Northern District of Texas because petitioner was convicted by a state court located in this district. *See Jon v. Thaler*, No. 4:10-cv-3077 (S.D. Tex. Sept. 2, 2010).

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . ." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). These filing requirements are jurisdictional. *See Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000) (holding that section 2254 action challenging prison disciplinary proceeding

must be filed in the place of incarceration or conviction, regardless of where disciplinary proceeding occurred). The district court wherein such an application is filed may, in the exercise of its discretion and in furtherance of justice, transfer the case to another district court for hearing and determination. *See* 28 U.S.C. § 2241(d).

Although petitioner was convicted in a Dallas County Criminal District Court, none of the claims in his federal writ implicates that conviction. Instead, petitioner challenges the results of three prison disciplinary proceedings conducted at the Ellis Unit of the TDCJ-CID, which lies within the Houston Division of the Southern District of Texas. *See id.* § 124(b)(2). "[F]ederal district courts in Texas have held that the appropriate venue for hearing prison disciplinary cases is not the district covering the county of conviction, but rather the district covering the county of incarceration." *Ratcliff v. Quarterman*, No. 3-07-CV-2051-B, Order 2 (N.D. Tex. Dec. 11, 2007) (quoting *Jeffley v. Director*, No. 6-06-CV-288, Order 2 (E.D. Tex. Jul. 5, 2006) (transferring habeas case challenging results of prison disciplinary proceeding to district where petitioner was currently incarcerated)); *see also Jackson v. Treon*, No. H-02-4848, 2003 WL 22433805 at *1 (S.D. Tex. Feb. 3, 2003) (same). Because petitioner is still incarcerated at the Ellis Unit, the court **determines** that this case should be and is **hereby transferred** back to the Houston Division of the Southern District of Texas for further proceedings. The clerk of the court shall effect this transfer in accordance with the usual procedure.

**It is so ordered** this 15th day of September, 2010.

Sam A. Lindsay
United States District Judge